# CHARLESTON

## Middleton v. Bowyer et al.

### Submitted June 9, 1914.　Decided October 29, 1914.

1. Executors and Administrators—*Sale of Realty—Purchase by Executor.*

   An executor, authorized by will to sell lands of his testator and distribute the proceeds among the legatees, can not become the purchaser thereof, either directly or indirectly. (p. 188).

2. Same—*Sale of Lands—Purchase by Executor—Validity.*

   But a purchase of the trust subject by the executor is not void, but voidable at the option of the party beneficially interested who is required to exercise reasonable diligence in the assertion of his right. (p. 188).

3. Same—*Sale of Realty—Purchase by Executor—Right to Attack—Laches.*

   A legatee who is informed shortly thereafter that one of the executors had indirectly purchased a part of the land belonging to the estate and acquired a deed therefor, and knows the price paid, and receives his portion of the proceeds of sale, and, notwithstanding such information, fails to sue to annul the sale and deeds for nearly five years and until after the death of such executor, will be denied relief. Under such circumstances his delay is laches defeating his remedy. (p. 188).

4. Cancellation of Instruments—*Deeds—Equitable Right to Relief.*

   When the circumstances are such as to render it uncertain or doubtful whether it is equitable and just to grant the relief prayed for, the prayer will be refused. (p. 191).

Appeal from Circuit Court, Putnam County.

Bill by Demidoff P. Middleton against N. B. Bowyer and others. From a decree for plaintiff, defendant Jerome Dudding, executor, etc., appeals.

*Reversed, and bill dismissed.*

*S. S. Green,* and *Jerome Dudding,* for appellant.

*Clarence E. Copen,* and *Rankin Wiley,* for appellee.

Williams, Judge:

Jerome Dudding, executor of Jerome T. Bowyer, deceased, appeals from a decree of the circuit court of Putnam county

rendered on the 30th day of November, 1912, annulling two· deeds, both made and acknowledged on the 24th of April,. 1905, the first by James B. Dudding and J. T. Bowyer, as executors of John ·Bowyer, deceased, to George C. Bowyer for 195 acres of land, and the second by George C. Bowyer back to J. T. Bowyer for the same land. The deeds were not recorded for nearly a year after they were executed, but, in view of other facts proven in the case, this fact is not material. Plaintiff knew of the sale and the price paid.

Plaintiff attacks the deeds as being. fraudulent both in law and fact . The consideration recited in each is $1,200, but the sum actually paid and distributed to the devisees was $2,925. Actual fraud is denied by the answer, and there is no proof to sustain the charge. The lower court ·set the deeds aside on· the ground that the transaction was, in effect, a sale by the two executors to one of them, a thing forbidden by law. It is a wholesome and well established rule which forbids a person occupying a trust relation from buying, either directly or indirectly, the trust property. But such sales are not absolutely void. They are only voidable at the option of the *cestui que trust. Newcomb* v. *Brooks,* 16 W. Va. 32; *Hope* v. *Salt Co.,* 25 W. Va. 789. Suit to avoid the sale must be brought in seasonable time, even though the property may not have passed from the hands of the trustee, else the sale will be allowed to stand. *Newcomb* v. *Brooks, supra; Winans* v. *Winans,* 22 W. Va. 678,. and opinion of Judge SNYDER at page 691.

Counsel for appellant admits plaintiff's right to succeed, if she had proceeded in time, but he denies her right to do so now because of laches and acquiescence in the sale after full knowledge thereof.

By his will John Bowyr devised one-sixth of his estate to each of five children named, and one-twelfth to plaintiff, and the remaining one-twelfth to the children ·of a deceased daughter. His son George C. Bowyer, having received his share by way of advancements, was given only a small pecuniary legacy. His son Jerome T. Bowyer and his son-in-law James B. Dudding were made his executors. The will empowered them to make sale of all the testator's land and

personal property upon such terms and in such manner as they might think for the best interests of the estate. The land in question lies on the hills along the Kanawha River and is underlaid with coal. After his purchase Jerome T. Bowyer made a lease of the coal under the land to the Oak Forest Coal Company, a corporation, which is a party defendant to the amended bill. This company has been, and is now, engaged in mining the coal.

It is proven that the price paid for the land by J. T. Bowyer was fair and reasonable and that the sale was advantageous to the estate. The only evidence to the contrary is the testimony of H. N. Miller, one of the defendants, who says he thinks the land is worth a hundred dollars an acre. But his cross-examination shows that his opinion regarding its value was without reasonable foundation, and is, therefore, of little probative force. He admits that he knew of no such price having been paid for any lands of like kind anywhere near the land in question. Moreover, his testimony is wholly inconsistent with his answer filed in the cause, in which he states that he was, at the time the sale was made to J. T. Bowyer, and is now, satisfied with the price received, that the sale was advantageous for the estate, and asks that the deed be not canceled. But, however greatly the estate may have been benefited by the sale, that could not affect plaintiff's right to have it annulled, provided she has shown proper diligence in bringing her suit after obtaining the requisite knowledge. The rule prohibiting a fiduciary from acquiring an interest in the subject of the trust is absolute, the only requirement being that the party seeking to avoid the sale must proceed with reasonable diligence. What is reasonable diligence necessarily depends upon the facts and circumstances of each particular case. Equity can not adopt a hard and fast rule defining laches. It is an equitable principle not depending on time alone. It sometimes operates to defeat a right in a short time, and again it may not apply even though the time is comparatively long. But it is always essential to its application that the party complaining should have had knowledge of the facts affecting his rights, or that he should have been in possession of such information as would put a

prudent person upon inquiry which, if pursued, would lead to a full discovery. Plaintiff delayed in bringing her suit almost five years, and, as an excuse for so doing, avers in her bill that she did not know J. T. Bowyer had bought the land until a short time before bringing her suit. This allegation is denied by the answer, and she has furnished no proof of the averment. On the contrary, it is fully proven that she was advised of the sale shortly after it was made. James B. Dudding, one of the executors, testified that he informed her of it shortly after it was made. On May 6th, 1905, she was paid $220, her portion of the purchase price, by check drawn by the executors upon the Merchants National Bank of Point Pleasant, payable to her order. The check is exhibited with the deposition of James B. Dudding, and appears to have been endorsed by plaintiff to the Bank of Winfield. Mrs. Victoria Dudding, wife of James B. Dudding and sister of plaintiff, testified that she was present when her husband gave plaintiff the check, and heard him tell her that he had sold the land to J. T. Bowyer and that he thought $15 an acre was a good price for it, and that he then expressed the wish that he could sell some more of the estate's land at the same price. She further testified that, about a month thereafter, she had another conversation with plaintiff in which plaintiff told her that she had heard that J. T. Bowyer had made a deed for 195 acres of land to Grace Martin who kept it a month and then deeded it back to him. Grace Martin is a daughter of George C. Bowyer. While it appears from this testimony that plaintiff was mistaken as to the original grantee of the land, it nevertheless shows that she knew it had passed to J. T. Bowyer. It proves that she knew he had acquired title to it in an indirect manner. Plaintiff did not testify, and none of this testimony is contradicted. It established the fact that plaintiff knew of the sale to her brother J. T. Bowyer and knew the price per acre that he paid. Yet, with this information, she delayed her suit for nearly five years. In the meantime the parties principally affected have died. George C. Bowyer died in 1906, and J. T. Bowyer, on the 30th January, 1910. Having the requisite knowledge, it was plaintiff's duty to have acted promptly, and her failure to

do so, unexplained, amounts to laches. "Laches, in legal significance, is such delay in the enforcement of one's right as works a disadvantage to another; or, such delay, without regard to the effect it may have upon another, as will warrant the presumption that the party has waived his right." *Snyder* v. *Bridge Co.*, 65 W. Va. 2. "Laches alone is sufficient to bar equitable relief, especially when it has been so long continued as to render the relief sought doubtful, uncertain, unfair or unjust." *Railroad Co.* v. *Johnson*, 50 W. Va. 499. Plaintiff does not explain why she waited so long during the life of J. T. Bowyer without making complaint. Perhaps, if he were living, she would not have sued. It may be surmised that, if living, he could prove that he fully advised her of the transaction, and that she acquiesced in it. His death of course precludes her from testifying in regard to personal transactions between them. But she has made no effort to explain her delay; and, in view of the knowledge which she is proven to have had, she is presumed to have acquiesced in the sale.

In view of the facts and circumstances herein enumerated and the change in the situation of the parties with respect to the land on account of the coal lease upon it, there is more danger of doing injustice by setting aside the deeds than there is by allowing them to stand. The record presents a clear case, in our opinion, for the application of the equitable principle of laches. See the following cases on the subject of laches: *Cresap* v. *Cresap*, 54 W. Va. 581, and *Plant* v. *Humphries*, 66 W. Va. 88. "Acquiescence in a transaction may bar a party of the relief in a very short period." *Despard* v. *Despard*, 53 W. Va. 443. "To set aside a deed for fraud suit must be brought without unreasonable delay after discovery." *Edgell* v. *Smith*, 50 W. Va. 349.

While the refusal of other parties interested in like manner with plaintiff to make complaint, does not affect her right to do so, still it is proper to state, as further evidence of the *bona fides* of the transaction, that she is the only party objecting to the sale. Answers were filed by numerous defendants who are likewise interested in the estate, admitting knowledge of the sale at the time it was made, agreeing that

the price was fair and advantageous to the estate, and asking that the deeds be not set aside.

There are other assignments of error which need not be considered. For the reasons stated, we reverse the decree and dismiss plaintiff's bill.

*Reversed, and bill dismissed.*