# CHARLESTON.

ALICE HUMMEL *v.* WILLIAM MARSHALL, *Sr. et al.*

(No. 5596)

Submitted May 12, 1926.    Decided May 18, 1926.

TRUSTS—*Where Husband Bought Realty With Wife's Money, and Took Title in His Own Name, Presumption of Gift to Him May be Rebutted by Showing That Wife Did Not Know Title Was so Taken; That Husband Lived Only Short Time Thereafter and Had Declared That Property Belonged to*

*Wife and That He Was Going to Convey it to Her and Was Preparing to do so Shortly Before He Died.*

Where the husband purchases and pays for realty wholly with the wife's money and takes the title thereto, the presumption of a gift of the money from her to him may be rebutted by showing that she did not know the title had been so taken; that he lived but a few months thereafter, and a short time before his death declared that the property belonged to her and he was going to convey it to her; and by evidence fairly tending to show that he was preparing to do so just before he died from an intense attack of influenza, commonly designated as "flu."

(Trusts, 39 Cyc. p. 160.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by Alice Hummel against William Marshall, Sr., and others. From a decree dismissing plaintiff's bill, plaintiff appeals.

*Decree reversed; cause reinstated; remanded.*

*A. M. Belcher,* for appellant.
*C. W. Good,* for appellees.

LIVELY, JUDGE:

This is a suit by the plaintiff, Alice Hummel, to recover certain real estate conveyed to her husband in his lifetime, alleging that she had purchased the property and paid the consideration for the deed. When this case was before this court the first time (*Hummel* v. *Marshall,* 95 W. Va. 42) we decided the legal principles involved, but because the merits of the cause had not been properly developed owing to a misconception of law by counsel, the decree denying plaintiff relief was reversed, and the cause remanded for the purpose of giving her the opportunity of adducing evidence to rebut the presumption that the money claimed to have been furnished to her husband in the purchase of the property in controversy, was a gift. When the case again came before the circuit court, exhibits of deeds of conveyance for the property on Watts Street and that on Bigley Avenue, were introduced, and the depositions of two additional witnesses were

taken by plaintiff. No evidence was introduced on the part of defendants. Whereupon the cause was again submitted to the court, and it is from the decree entered by it dismissing plaintiff's bill, that this appeal was taken.

The sole question before us on this appeal is whether this additional testimony, considered in connection with the evidence previously introduced, is sufficient to overcome the presumption that the money of the wife invested in the land the title to which was taken in the husband's name, was a gift. And on this sole question counsel have neglected to file briefs:

Mrs Sarah Hooper, one of the two witnesses referred to above, testified that she had known James E. Hummel, the plaintiff's deceased husband, and that about three months before his death, during a conversation had with him in the City of Charleston, she heard him say "that the property (in controversy) belonged to his wife, and he intended to transfer it back to her."

The remaining witness, Everett Baker, is a son of the plaintiff by a former marriage. He testified that he and Hummel had worked together as plumbers, and that he had lived with the Hummel's for about three years. His testimony is not free from ambiguity, but the substance of it is to the effect that "he (meaning Hummel) said the property was hers on Watts Street, and that he was going to transfer the property on Bigley Avenue (the property in controversy) back to her; that is all I heard him say—he come home to fix his papers up. I know he come home and got his box out and was fixing his papers up, and he taken sick and never did fix them up. I don't know what was in the papers."

It is reasonably well established that the money which came from the Watts Street property was that of the wife; that this money was deposited by the husband in the Elk Banking Company, Charleston, in the name of Mrs. C. A. Hummel, the mother-in-law of plaintiff, who was at that time living with her son and his wife; and that part of this sum was later used by the husband in the purchase of the property on Bigley Avenue. But six months elapsed from the date of this latter purchase until the death of the husband.

In the case of the wife claiming a resulting trust in property purchased with funds furnished by her, the title to which is taken in the name of the husband, the evidence to rebut the presumption of gift should not as a matter of fairness be required to be as strong as when the husband is seeking to establish a resulting trust under similar circumstances. The relation existing between husband and wife necessarily makes this so. The husband is the head of the family and his influence over the wife, while lessened to a considerable degree in these modern times, is still very marked. We think a rule that permits a wife to overcome this presumption of gift with but slight evidence best comports with justice. This conclusion is strengthened when it is considered that in the great majority of jurisdictions in this country, there is no presumption at all of a gift where the wife's money is used by the husband to purchase property the title to which he takes in his own name.

In the instant case, the evidence shows that the entire purchase price of the property in controversy was furnished by the wife; that the husband had held the title to that land but six months before his death; that he made statements to at least two persons which tended to indicate that he regarded the property as that of his wife and of his intention to vest her with the legal title. It does not appear that she knew the title was in his name prior to his death. The evidence of Mrs. Hooper and Everett Baker, standing alone is not sufficient to overcome the presumption (they detail unsatisfactory expressions made in conversation) ; but when coupled with the other undisputed facts we believe that the evidence is sufficient to rebut the presumption of gift. In a case like this equity favors the one who relies upon and reposes confidence in another.

In *Whitten* v. *Whitten,* 70 W. Va. 422, the plaintiffs in the cross-bill who sought to set aside the deed to the husband on the ground that the wife had paid the purchase money, failed to prove that she had furnished the money, to the satisfaction of the court. The witnesses who testified to conversations with the deceased in which he was purported to have admitted that the wife had paid the purchase money, recog-

nized her title thereto and his duty to convey it to her, and who also said the money she furnished came from her father's estate, were impeached by testimony that the land was purchased by the husband ten years before the father had died. The court gave little credence to their evidence. Moreover, the wife knew for several years that the title was in her husband's name and took no steps to have it extracted. That case is quite different from the present one.

The decree will be reversed, the cause re-instated and remanded for entry of decree in accordance herewith, and for the appointment of a special commissioner to convey the title to the property in controversy to the plaintiff herein.

*Reversed; cause re-instated; remanded.*