A. W. Roberts *v.* Lincoln Finance Company *et al.*

(No. 7361)

Submitted March 7, 1933. Decided March 28, 1933.

*A. D. Preston*, for appellant.
*Ben H. Ashworth* and *David G. Lilly, Jr.*, for appellees.

Kenna, Judge:

Plaintiff, A. W. Roberts and his wife, borrowed a sum of money from the Lincoln Finance Company and gave as security a deed of trust upon certain property in the City of Beckley. The bill of complaint alleges that Roberts borrowed the sum of $4,000 and was compelled to execute 120 promissory negotiable notes payable monthly in the aggregate of $7,080.00; that there has been paid $212.37 in excess of the principal sum of $4,000.00 borrowed, plus interest at 6% per annum; that there are 33 of the notes outstanding in the hands of Standard Bond & Mortgage Company, the aggregate of which, plus the $212.37 already over-paid, represents the usurious interest in the transaction. The bill prays for discovery and relief.

Answers to the bill were filed by Lincoln Finance Company and by Standard Bond & Mortgage Company. The Lincoln Finance Company denied that a loan had been made to the

plaintiff in the amount specified in the bill of complaint. It admits a loan was made to be paid off at the rate of $59.00 per month for 120 months, and denies that the aggregate of the notes exceeds the amount necessary to pay the loan with legal interest. This answer says that Lincoln Finance Company is not informed as to the number of notes paid off; it denies that the Lincoln Finance Company has been over-paid any sum of money, but as to whether the Standard Bond & Mortgage Company has been paid any sum exceeding legal interest, it is unadvised; it denies usury in the original transaction; it alleges that if the Lincoln Finance Company has been paid any amount of usurious interest its recovery is now barred by the statute of limitations; it concludes with a general denial of the allegations of the bill. The answer of Standard Bond & Mortgage Company says that it is not advised concerning the amount of the loan, that it was agreed that it should be paid at the rate of $59.00 a month for 120 months; that it does not know whether the notes executed exceeded the principal and legal interest and is not advised as to how many of them have been paid and how many remain unpaid. It admits that it holds 33 unpaid notes, but denies that any sum in excess of legitimate principal and legal interest has been paid to it.

General replications to these answers were entered and when, after agreed submission upon the pleadings, the trial court indicated its purpose to hold for the defendants, plaintiff asked to withdraw his replications and be permitted to file demurrers to the answers, which leave was refused. Thereupon, the trial court rendered its decree finding the transaction non-usurious and dismissing the plaintiff's bill.

In prosecuting this appeal, the appellant contends (1) that the court erred in not causing depositions to be taken in the case or in not referring it to a commissioner for a hearing; and (2) that the court erred in refusing to permit the filing and consideration of plaintiff's demurrers.

The trial chancellor, in his discretion, might well have permitted plaintiff to withdraw the general replication, and demur. We are not, however, of the opinion that it was error for him to refuse to do so. Plaintiff was not entitled to have the case decided twice, first upon the theory that he saw fit

to present originally, and then, having lost that, to submit a different theory.

. The bill of complaint is a sufficient bill for discovery and relief based upon an allegation of usury. The answer of Lincoln Finance Company is a totally insufficient reply to a bill of discovery. But plaintiff filed a general replication thereto. We are conscious of the rule laid down in *Rogers* v. *Verlander,* 30 W. Va. 619, 636, 5 S. E. 847, applied again in *Hartman* v. *Evans,* 38 W. Va. 669, 672, 18 S. E. 810, and referred to in *Cresap* v. *Cresap,* 54 W. Va. 581, 594, 46 S. E. 582, to the effect that the filing of a replication to an answer waives all objection thereto and causes the answer to be regarded as sufficient even to satisfy a prayer for discovery. A close examination of the cases referred to, discloses that the enunciation of the rule in each case was based upon an answer containing at least an unequivocal general denial of the allegations of the bill, and containing nothing inconsistent with such denial. We do not believe that the answer here is sufficient even for that purpose. True, it does in terms, contain such a general denial. But it also contains what is tantamount, at law, to a plea in confession and avoidance, giving color to the plaintiff's cause. The language quoted is from the last paragraph of the answer: ''These defendants further say that if the said Lincoln Finance Company has been paid any amount of usurious interest as set forth and alleged in the plaintiffs' bill of complaint, the plaintiffs are not entitled to recover the same because of the statute of limitations and because more than five years have elapsed since the making of each and all of said payments made by the plaintiff to the Lincoln Finance Company.'' We do not believe that replications having been filed by the plaintiff, constitute a sufficient circumstance to overcome the infirmity injected into this answer by the language quoted. No matter how much the replication might operate to cure the lack of specific statement in the answer's *denial,* the defendant itself, in attempting to both deny and plead in confession and avoidance, has injected an uncertainty and confusion which the act of the plaintiff did not clarify. With the quoted language remaining in the answer, how could the plaintiff know whether it was the purpose of defendant to rely upon proof showing the non-existence of usury or upon proof show-

ing usury which was barred? How could the court tell? How could the court, therefore, decree, as it did, the non-existence of usury in the contract?

For the reasons stated, we are of the opinion to reverse the decree of the circuit court of Raleigh County, and remand the cause, for further development with leave to the defendants to further answer the plaintiff's bill of complaint.

*Reversed and remanded.*